No. 00-523

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 38

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MARK CHRISTOPHER HATLER,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Thomas C. Honzel, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon and Sheehy, Helena, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W.

Coughlin, Assistant Attorney General, Helena, Montana

Mike McGrath, County Attorney; Pam Bucy, Deputy

County Attorney, Helena, Montana

Submitted on Briefs: February 2, 2001
Decided: March 1, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant Mark Christopher Hatler (Hatler) entered a guilty plea to charges of driving while under the influence (first offense); operating a motor vehicle while his license was suspended or revoked; and failure to have proof of liability insurance. He appeals from the First Judicial District Court's denial of his motion to suppress evidence. We affirm.

¶2 On November 11, 1998, Highway Patrol Officer Joe Cohenour observed a brown pickup traveling south on Interstate 15 near Sieben Flats. The speed of the vehicle was oscillating between fifty and sixty miles per hour. All other vehicles were passing the pickup. Cohenour observed that the truck's license plate was new, shiny and clean, in contrast to the rest of the truck. Cohenour ran a license plate check. After determining that the license plate matched the truck, he had dispatch ascertain the registered owner. Dispatch informed Cohenour that the registered owner was Mark Hatler. Dispatch further informed Cohenour that Hatler's driver's license was expired but that he did have a valid Montana ID card.

¶3 Cohenour then initiated a traffic stop. When asked for his driver's license, Hatler handed Cohenour his Montana ID card. Section 61-12-502, MCA, provides for the issuance of "identification cards." An identification card issued pursuant to this section does not, however, supplant the requirement that a driver possess a valid Montana driver's license. Hatler told Cohenour that his driver's license was expired but that he was trying to get it straightened out with the State of Idaho. Cohenour then determined that Hatler's Idaho license was suspended. Detecting the smell of alcohol, Cohenour had Hatler perform some sobriety tests. Based on Hatler's performance on those tests, he arrested Hatler for driving under the influence, driving with a suspended license and failing to have proof of liability insurance. Hatler filed a motion to suppress, arguing that the officer did not have a particularized suspicion to justify an investigatory stop. The District Court denied the motion to suppress. Hatler then pled guilty to all three charges reserving his right to appeal the suppression issue.

¶4 Hatler presents the following issue: Did Officer Cohenour, based upon his observations and the information he received from dispatch, have particularized suspicion to believe that Hatler had committed or was committing an offense?

## Standard of Review

¶5 The standard of review of a district court's denial of a motion to suppress evidence is whether the dis trict court's findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. State v. Grimes, 1999 MT 145, 295 Mont. 22, 982 P.2d 1037.

## Discussion

¶6 Section 46-5-401, MCA (1997), provides:

> **Investigative stop.** In order to obtain or verify an account of the person's presence or conduct or to determine whether to arrest the person, a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.

¶7 Section 61-5-102(1), MCA (1997), provides:

> **Drivers to be licensed.** (1) No person, except those expressly exempted under 61-5-104, shall drive any motor vehicle upon a highway in this state unless such person has a valid Montana driver's license. . . .

¶8 Hatler contends that the § 61-5-104, MCA, exception to the above statute applies to this case. Section 61-5-104(2), MCA (1997), provides:

> (2) A nonresident who is at least 15 years of age and who is in immediate possession of a valid operator's license issued to the nonresident by the nonresident's home state or country may operate a motor vehicle, except a commercial motor vehicle, in this state.

¶9 Hatler takes the position that although Cohenour was aware that he did not have a valid

Montana driver's license, he did not know, until after the stop, that Hatler's Idaho license had been suspended. In effect, Hatler argues that unless and until a Highway Patrol Officer checks to see whether a driver has a valid license in any other state, he cannot eliminate the possibility that the driver comes within the § 61-5-104(2), MCA, exception to the requirement that a driver have a Montana driver's license. We find no merit to this contention.

¶10 An officer only needs to possess a reasonable suspicion, based upon objective data, that an offense has been committed. In State v. Lafferty, 1998 MT 247, ¶ 9, 291 Mont. 157, ¶ 9, 967 P.2d 363, ¶ 9, we held that "[w]hen circumstances create a particularized suspicion that a person is committing an offense, a peace officer may stop the person or the vehicle containing the person to determine whether to arrest the person. Section 46-5-401, MCA."

¶11 The requirement of particularized suspicion does not require an officer, before making an investigative stop, to possess proof beyond a reasonable doubt that a crime has been committed, to the exclusion of every possible innocent explanation or legal exception. The possibility that Hatler's circumstances might come within one of the numerous exceptions listed in § 61-5-104, MCA, does not preclude an officer from entertaining a reasonable suspicion that the driver is committing an offense and, pursuant to such suspicion, conducting an investigative stop. If Hatler had possessed a valid license from another jurisdiction, he would have had to display it to the patrolman. Section 61-5-116, MCA.

¶12 Officer Cohenour ascertained that Hatler was driving with an expired Montana driver's license. This alone was obviously objective data from which Cohenour, an experienced officer, could form a particularized suspicion that Hatler was committing an offense-that is, driving without a valid Montana driver's license, in violation of § 61-5-102, MCA.

¶13 We hold that the District Court's findings of fact are not clearly erroneous and that those findings were correctly applied as a matter of law. The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER