No. 05-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 213N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CASEY DOUGLAS BRITTAIN,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 04-377,
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Penelope S. Strong, Chief Public Defender, Billings, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

            Dennis Paxinos, County Attorney; Ed Zink, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  June 28, 2006

Decided:  August 29, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Law enforcement patrolling a business area in Billings, Montana, around 12:10 a.m. on April 7, 2004, received a report that an alarm system had gone off at Good Vibrations, a store selling sound equipment.  Officer Matthew Brewer alerted dispatch that minutes earlier he had noticed a male peering into the front window of Good Vibrations, while a silver Saab was parked nearby.  About forty-five minutes later, Montana Highway Patrol Trooper John O'Neill heard a subsequent related dispatch while observing a silver Saab pulling into a parking lot.  Trooper O'Neill stopped the vehicle and explained to its driver, the defendant, Casey Douglas Brittain, that the Saab he was driving matched a description of a vehicle seen at the Good Vibrations location.  After initially denying any involvement and then running from the scene, Brittain provided officers with two statements and signed two consent forms to search his hotel rooms, which resulted in the seizure of evidence.  Brittain subsequently pled guilty to one count of felony burglary.

¶3    On appeal, Brittain argues that Trooper O'Neill lacked authority to stop him under § 46-5-401, MCA, which authorizes an officer to conduct an investigative stop of "any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Brittain argues that law enforcement's observations were generic ("a male") and purely inferential, lacking the required nexus between the bystander at the store window and the Saab identified in the dispatch report.

¶4    "Whether a particularized suspicion exists at the time of an investigatory stop is a question of fact" that depends on the totality of the circumstances. *State v. Gouras*, 2004 MT 329, ¶ 15, 324 Mont. 130, ¶ 15, 102 P.3d 27, ¶ 15 (citing *State v. Hall*, 2004 MT 106, ¶ 8, 321 Mont. 78, ¶ 8, 88 P.3d 1273, ¶ 8). Particularized suspicion does not require a law enforcement officer to possess proof beyond a reasonable doubt that a crime has been committed before making an investigative stop. *State v. Hatler*, 2001 MT 38, ¶ 11, 304 Mont. 211, ¶ 11, 19 P.3d 822, ¶ 11. Given the totality of the circumstances in this case, we conclude that the District Court correctly determined that law enforcement had particularized suspicion to stop Brittain.

¶5    This case has been decided pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence and the

legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶6    We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS