No. 04-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 328

CITY OF MISSOULA,

        Plaintiff and Respondent,

   v.

PATRICK O'NEILL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC-03-174
                    Honorable Edward McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Anne Hamilton, Esq., Erica M. Dean, Legal Intern, ASUM Legal
                Services, University of Montana, Missoula, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Robert Stutz, Assistant
                Attorney General, Helena, Montana

                Gary Henricks, Esq., Missoula City Attorney's Office
                Missoula, Montana

                    Submitted on Briefs:  September 14, 2004

                                 Decided:  November 23, 2004

Filed:

                    _____
                                      Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Patrick O'Neill (O'Neill) appeals from the order entered by the Fourth Judicial District, Missoula County, affirming the Missoula Municipal Court's denial of his motion to dismiss. We affirm.

¶2     The dispositive issue on appeal is whether the District Court erred in affirming the Missoula Municipal Court's denial of O'Neill's motion to dismiss on the basis that a university security officer had jurisdiction to stop and arrest O'Neill.

BACKGROUND

¶3     At approximately 2:00 a.m. on February 9, 2003, Michael Blazevich (Blazevich), a campus security officer for the University of Montana (University) Office of Public Safety, was patrolling the University's South Campus Stadium area, which consists of Dornblaser athletic field, some parking lots and campus family housing. The South Campus Stadium area is bordered to the north by South Avenue, to the west by Higgins Avenue and to the south for a short distance by Pattee Canyon Drive. While patrolling, Blazevich observed a vehicle travel through the intersection of South and Higgins Avenues, and proceed southbound on Higgins Avenue. Blazevich determined by radar that the vehicle was traveling in excess of the posted speed limit, activated the patrol car's overhead lights and pursued the vehicle. The vehicle continued south on Higgins Avenue, turned east onto Pattee Canyon Drive and stopped about 400 feet thereafter. Blazevich identified the vehicle's driver as O'Neill, and eventually arrested him for traveling in excess of the posted speed limit and driving under the influence of alcohol (DUI).

2

¶4    O'Neill subsequently moved the Missoula Municipal Court to dismiss the charges, arguing that Blazevich lacked jurisdiction to either stop his vehicle or arrest him. The Municipal Court denied the motion. O'Neill and the City of Missoula (the City) then entered into a plea agreement by which O'Neill agreed to plead no contest to the DUI charge and the City agreed to dismiss the speeding charge. O'Neill specifically reserved his right to appeal the Municipal Court's denial of his motion to dismiss. The Municipal Court accepted O'Neill's plea of no contest to the DUI charge and imposed a sentence. O'Neill appealed to the District Court. The District Court affirmed the Municipal Court's denial of O'Neill's motion to dismiss. O'Neill appeals.

## STANDARD OF REVIEW

¶5    The grant or denial of a motion to dismiss in a criminal proceeding is a question of law which we review to determine whether the district court's conclusion of law is correct. City of Helena v. Danichek (1996), 277 Mont. 461, 463, 922 P.2d 1170, 1172.

## DISCUSSION

¶6    Did the District Court err in affirming the Missoula Municipal Court's denial of O'Neill's motion to dismiss on the basis that a university security officer had jurisdiction to stop and arrest O'Neill?

¶7    O'Neill moved to dismiss the charges against him based on Blazevich's alleged lack of authority to make a vehicle stop or arrest because O'Neill's speeding and DUI offenses occurred outside the geographic boundaries of Blazevich's jurisdiction as a University campus security officer. The District Court concluded Blazevich had jurisdiction to stop O'Neill's vehicle and arrest him pursuant to both § 20-25-322, MCA, and § 44-11-101,

3

MCA. O'Neill asserts that the District Court's conclusion is erroneous. We conclude that the District Court correctly determined Blazevich had jurisdiction pursuant to § 20-25-322, MCA, and, consequently, we need not address O'Neill's assertion that the court erred in interpreting § 44-11-101, MCA.

¶8 University campus security officers are peace officers with the general jurisdiction to exercise their authority

> (a) upon the campuses of the Montana university system and, for campus-related activities, an area within 1 mile of the exterior boundaries of each campus;

and

> (b) in or about other grounds or properties owned, operated, controlled, or administered by the regents or any unit of the Montana university system.

Section 20-25-321(1), MCA. The District Court correctly concluded that Blazevich was not within his jurisdiction under either subsection (a) or (b) of § 20-25-321(1), MCA, when he stopped O'Neill's vehicle. However, the Montana Legislature has provided a method by which the president of any unit within the Montana university system may enter into an agreement with the city or county in which the unit is located to expand the campus security officers' general authority as set forth in § 20-25-321(1), MCA.

> The president of each unit may in his discretion enter into an agreement with the city or county in which his unit is located to authorize members of the unit's security department to issue citations for parking or moving traffic violations as defined by state or municipal laws which occur within the boundaries of the campus or on streets or alleys contiguous thereto. All such citations shall be considered within the jurisdiction of the appropriate local authority and shall be handled in the same manner as citations issued by peace officers of such local authority.

4

Section 20-25-322, MCA.

¶9     In 1993, the University entered into an agreement (Agreement) with the City and Missoula County pursuant to § 20-25-322, MCA.  Section II of the Agreement provided for expanded jurisdiction for University campus security officers, in pertinent part, as follows:

> B.   On streets and alleys contiguous to the campus the University Police officers may issue citations for any parking or moving traffic violation defined by state or municipal law.
>
> C.   On streets and alleys within the boundaries of the campus, the University Police officers may issue citations for moving traffic violations as defined by state or municipal laws.
>
> D.   Anywhere within the boundaries of the campus, the University Police officers may issue citations for violations of Montana Code Annotated, Section 61-8-301 Reckless Driving; Title 61, Chapter 7, Part 1 the Uniform Accident Reporting Act; Section 49-4-302 MCA pertaining to handicapped parking spaces and Section 61-8-356 Prohibition against parking or leaving vehicles on public property.  Further, the University Police officers may issue citations for violation of 61-8-401 Persons under the influence of alcohol or drugs and violation of 61-8-406 Operation of a vehicle by a person with alcohol concentration of 0.10 or more to any person driving or in actual physical control of a vehicle upon the ways of the state open to the public.

The District Court concluded Blazevich had jurisdiction to stop and arrest O'Neill pursuant to the Agreement because the sections of Higgins Avenue and Pattee Canyon Drive on which O'Neill committed the acts of speeding and DUI were contiguous to the portion of the University campus known as the South Campus Stadium area.  Thus, although not expressly stated in the District Court's order, it appears the court determined Blazevich had jurisdiction under Section IIB of the Agreement.

¶10 O'Neill first asserts the District Court erred in concluding that Higgins Avenue and Pattee Canyon Drive are contiguous to the University campus. He contends that the word "campus" as used in the Agreement refers only to the University's main campus property and buildings, rather than every piece of property the University owns within the City and County of Missoula. Thus, according to O'Neill, the area including Dornblaser athletic field and campus housing where Blazevich was patrolling, being separate and apart from the main campus area, is not part of the University's "campus." O'Neill further contends that, because the area Blazevich was patrolling is not the "campus," Higgins Avenue and Pattee Canyon Drive are not contiguous to the campus and Blazevich did not have jurisdiction under Section IIB of the Agreement to stop his vehicle for speeding. He does not dispute that speeding is a moving traffic violation as provided in the Agreement.

¶11 As stated above, the area in which Blazevich was patrolling when he observed O'Neill's vehicle speeding is referred to as the "South Campus Stadium area." Thus, the University deems this area to be part of its campus. Furthermore, the word "campus" is defined as "the grounds and buildings of a university, college, or school." WEBSTER'S NEW INTERNATIONAL DICTIONARY 323 (3rd ed. 1993). The athletic field, parking lots and family housing, as well as the land on which they are located, are clearly "grounds and buildings" belonging to the University. We conclude the District Court did not err in determining that the area in which Blazevich was patrolling was part of the University campus and, as a result, that the relevant sections of Higgins Avenue and Pattee Canyon Drive were contiguous to the University campus. We further conclude, therefore, that the court did not

err in determining Blazevich had jurisdiction under Section IIB of the agreement to stop O'Neill's vehicle for speeding.

¶12     O'Neill also argues that, even if Blazevich had jurisdiction to stop him for speeding, Blazevich did not have jurisdiction to subsequently arrest him for DUI. He concedes that DUI is a "moving traffic violation" as that phrase is used in the Agreement. He observes, however, that Sections IIB and IIC of the Agreement give University campus security officers jurisdiction to issue citations for moving traffic violations in general, while Section IID gives them jurisdiction to issue citations for certain specific moving traffic violations including DUI. He contends that, by referring to specific individual traffic violations in Section IID, the Agreement intended to limit campus security officers' jurisdiction to issue citations for those specific violations to only the geographic area covered by Section IID-- namely, only within the boundaries of the University campus--and, therefore, the moving traffic violations referred to in Sections IIB and IIC do not include those offenses specified in IID. Consequently, according to O'Neill, Blazevich did not have jurisdiction to arrest him for DUI because the offense did not occur within the boundaries of the University campus. He further asserts that to define the phrase "moving traffic violation" as used in Sections IIB and IIC to include the offenses specified in IID would render the language of IID meaningless. We disagree.

¶13     The three paragraphs of the Agreement at issue here each confer jurisdiction on University campus security officers for different geographic areas. Section IIB covers "streets and alleys contiguous to the campus," IIC covers "streets and alleys within the

7

boundaries of the campus" and IID covers all areas "within the boundaries of the campus[.]" Thus, Sections IIB and IIC authorize campus security officers to issue citations for all moving traffic violations occurring on streets and alleys within or contiguous to campus. On the other hand, Section IID authorizes campus security officers to issue citations for specified moving traffic violations wherever they might occur within the boundaries of the campus. Interpreting the Agreement in this manner does not render the language of Section IID meaningless.

¶14     We conclude that the District Court did not err in determining that Blazevich had jurisdiction pursuant to Section IIB of the Agreement to issue a citation to and arrest O'Neill for DUI occurring on a street contiguous to the University campus. We hold, therefore, that the District Court did not err in affirming the Missoula Municipal Court's denial of O'Neill's motion to dismiss.

¶15     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER

8

/S/ JIM RICE