No. 04-317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 174

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ROBERT TROMBLEY,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                      In and for the County of Gallatin, Cause No. DC 02-186
                      The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Anna S. Hughes, Hughes Law Firm, PLLC, Bozeman, Montana

        For Respondent:

            Honorable Mike McGrath, Montana Attorney General, Jennifer Anders,
            Assistant Attorney General, Helena, Montana; Paul Luwe, Bozeman City
            Attorney, Susan Wordal, Assistant City Attorney, Bozeman, Montana


Submitted on Briefs:  May 18, 2005

Decided:  July 12, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Robert Trombley (Trombley), appeals from an order of the Eighteenth Judicial District Court, Gallatin County, finding that a police officer had the requisite particularized suspicion necessary to make an investigatory stop of his vehicle. We affirm.

¶2 The sole issue on appeal is whether the District Court properly affirmed the Municipal Court's denial of Trombley's motion to dismiss for lack of particularized suspicion.

**BACKGROUND**

¶3 On December 28, 2001, a police officer driving north on North 7th Avenue in Bozeman saw Trombley driving south on the same street, and observed him make a U-turn into the east northbound lane, drift over the fog line, overcorrect into the west northbound lane, and then continue north in the west northbound lane of North 7th Avenue. The officer also observed Trombley straddle the yellow center line while driving through an intersection. The officer activated his video camera and initiated a stop of Trombley. The officer's stop lead to Trombley's arrest for DUI. Trombley was ultimately convicted of the offense in Bozeman Municipal Court.

¶4 Before trial, Trombley filed a motion to dismiss the charge, arguing that the officer did not have the requisite particularized suspicion necessary to initiate a traffic stop. The Municipal Court rejected the claim based on its finding Trombley violated state law when he executed the U-turn on North 7th Avenue. Trombley appealed to the District Court. The District Court concluded that state law did not prohibit Trombley's U-turn and determined that the Municipal Court erred in relying upon this alleged violation to justify the traffic stop.

2

The court, however, concluded that the totality of circumstances, including the erratic nature of the U-turn, Trombley's straddling of the double yellow line, and his drifting over the fog line, all factored into the officer's decision to initiate a stop of Trombley's vehicle, and rose to the level of particularized suspicion necessary to justify the stop. Trombley now appeals from the District Court's decision.

## STANDARD OF REVIEW

¶5 The grant or denial of a motion to dismiss in a criminal proceeding is a question of law, which we review to determine whether the district court's conclusion of law is correct. *City of Missoula v. O'Neill*, 2004 MT 328, ¶ 5, 324 Mont. 124, ¶ 5, 102 P.3d 21, ¶ 5. When the question is one of particularized suspicion, the district court's determination in that regard is reviewed under the clearly erroneous standard. *State v. Steen*, 2004 MT 343, ¶ 5, 324 Mont. 272, ¶ 5, 102 P.3d 1251, ¶ 5.

## DISCUSSION

¶6 Did the District Court properly affirm the Municipal Court's decision denying Trombley's motion to dismiss for lack of particularized suspicion?

¶7 Trombley maintains the officer's belief that his U-turn was illegal was a mistake of law, and that the District Court should have therefore reversed the Municipal Court's denial of his motion to dismiss. He contends the District Court improperly considered evidence unsupported by the record when it took into account factors other than Trombley's U-turn.

¶8 The State argues the totality of the circumstances demonstrate that a particularized suspicion existed to stop Trombley because the officer had objective data from which he

3

could make certain inferences, when he witnessed Trombley drift over the fog line, fail to signal while switching from the east northbound lane to the west northbound lane, and straddle the yellow center line. We agree with the State.

¶9 To determine whether particularized suspicion exists to justify an investigative stop, the State must show: (1) objective data from which an experienced officer could make certain inferences, and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in some wrongdoing. *Steen*, ¶ 7 (citation omitted). "Whether a particularized suspicion exists is a question of fact dependent on the totality of the circumstances surrounding the investigative stop." *Steen*, ¶ 7 (citing *Moore v. State*, 2002 MT 315, ¶ 10, 313 Mont. 126, ¶ 10, 61 P.3d 746, ¶ 10). Particularized suspicion, however, does not require certainty on the part of the law enforcement officer. *Steen*, ¶ 14 (citing *State v. Farabee*, 2000 MT 265, ¶ 19, 302 Mont. 29, ¶ 19, 22 P.3d 175, ¶ 19).

¶10 We are not persuaded by Trombley's assertion that a mistake of law regarding the legality of the U-turn renders the officer's stop unjustified. The existence of particularized suspicion depends on the totality of the circumstances. *Steen*, ¶ 7. As the State points out, the officer testified during the hearing on Trombley's motion to dismiss, that he observed other erratic driving maneuvers, including straddling the center yellow line while driving through an intersection, drifting over the fog line, and failing to signal while he moved from the east northbound lane to the west northbound lane. These events constitute enough objective data from which the officer could make certain inferences about Trombley, resulting in a suspicion that Trombley was engaged in some sort of wrongdoing. Thus, the

4

officer in this case had the requisite particularized suspicion to stop Trombley's vehicle.

¶11 Accordingly, the District Court's finding that the officer had a particularized suspicion sufficient to justify the investigatory stop of Trombley was not clearly erroneous. The District Court therefore did not err in upholding the decision of the Municipal Court.

¶12 Affirmed.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS