No. 05-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 118N

_____

TIMOTHY O'LEARY,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and for the County of Hill, Cause No. DV 04-219
The Honorable David Rice, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Jeremy S. Yellin, Attorney at Law, Havre, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Joslyn Hunt, Assistant Attorney
General, Helena, Montana

       Tamara Barkus, Havre City Attorney, Havre, Montana

_____

Submitted on Briefs:  May 3, 2006

Decided:  May 31, 2006

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Timothy O'Leary (O'Leary) appeals from an Order of the Twelfth Judicial District Court, Hill County, denying his petition to reinstate his driver's license based upon a lack of particularized suspicion to stop his vehicle by the Havre City Police. O'Leary contends that the District Court erred in concluding that Officer Ben Havron of the Havre Police Department, who stopped O'Leary's vehicle, possessed the requisite objective data to authorize such a stop pursuant to § 46-5-401(1), MCA. We have held that for an investigatory stop to be reasonable, "an officer must have: 1) objective data from which the officer can make certain inferences; and 2) a resulting suspicion that the person stopped is or has been engaged in wrongdoing." *State v. Fellers*, 2004 MT 321, ¶ 21, 324 Mont. 62, ¶ 21, 101 P.3d 764, ¶ 21.

¶3 We evaluate the question of whether a particularized suspicion supports an investigatory stop in light of the totality of the circumstances. *Fellers*, ¶ 21. We further have concluded that the "[o]bservation of a traffic offense is sufficient to establish a particularized suspicion." *State v. Loney*, 2004 MT 204, ¶ 16, 322 Mont. 305, ¶ 16, 95 P.3d 691, ¶ 16. We also have determined, however, that a particularized suspicion does

not require an officer to be certain that an offense has been committed. *State v. Britt*, 2005 MT 101, ¶ 12, 327 Mont. 1, ¶ 12, 111 P.3d 217, ¶ 12.

¶4 We decide this case pursuant to Section I, paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. Officer Havron testified that he stopped O'Leary's vehicle because O'Leary had failed to illuminate his headlights. Officer Havron testified that the parking lights on O'Leary's vehicle were illuminated, but his headlights were not. Officer Havron relied on his observation of O'Leary's vehicle and his experience and familiarity with the type of vehicle that O'Leary drove, in determining that O'Leary only had his parking lights illuminated. Officer Havron further noted that the lights of the vehicle behind O'Leary's looked different than O'Leary's.

¶5 O'Leary contends that he had both the parking lights and the headlights turned on as he manually had to turn on both. O'Leary further testified that he could not have the headlights on without also having the parking lights on due to the fact that the first notch that he manually turns is for the parking lights and the next notch he manually turns is for the headlights. Regardless of the truth of that claim, however, O'Leary fails to recognize that the basis for Officer Havron's stop of his vehicle was simple. O'Leary's headlights, in comparison to the vehicle behind, did not appear to be illuminated thereby providing Officer Havron with particularized suspicion to stop O'Leary for failing to illuminate his headlights. It is to this fact that Officer Havron testified at the hearing on O'Leary's petition to reinstate his driver's license and this fact provides a particularized suspicion necessary to satisfy the requirements of § 46-5-401(1), MCA.

¶6    Affirmed.


                                              /S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE