No. 05-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 274

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

KENNETH N. THOMPSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2004-155
Honorable Jeffrey M. Sherlock, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

          Wendy Holton, Attorney at Law, Helena, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney; Tara Harris,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  August 15, 2006

Decided:  October 24, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    The First Judicial District Court, Lewis and Clark County, denied Kenneth N. Thompson's motion to suppress evidence and later entered judgment against Thompson for misdemeanor driving under the influence of alcohol or drugs (DUI). Thompson appeals the denial of his motion to suppress. We affirm.

¶2    The issue is whether the District Court erred in finding that particularized suspicion justified an investigative stop of Thompson's vehicle.

BACKGROUND

¶3    At 1:35 a.m. on January 14, 2004, Lewis and Clark County Deputy Sheriff Kevin Wright observed a vehicle traveling west on Mill Road. Wright saw the vehicle swerve off the right side of the narrow two-lane road three times before it turned right onto Green Meadow Drive. When turning onto Green Meadow Drive, the vehicle made a wide turn, crossing over the centerline and into the oncoming lane of traffic. After correcting, the driver--later identified as Thompson--continued to swerve in his own driving lane. Wright saw the left front and rear tires of Thompson's vehicle ride the centerline on Green Meadow Drive, after which the vehicle swerved off the right side of the road. Suspecting the driver might be intoxicated, Wright initiated a traffic stop. He arrested Thompson and charged him with DUI in violation of § 61-8-401, MCA, and DUI per se in violation of § 61-8-406, MCA.

¶4    Thompson was tried in the Lewis and Clark County Justice Court, where he was convicted of DUI and acquitted of DUI per se. He appealed to the District Court, where he

2

moved to suppress all evidence on grounds that Wright did not have reasonable suspicion to stop his vehicle. After an evidentiary hearing at which both Wright and Thompson testified, the District Court denied Thompson's motion. Thompson later pled guilty to DUI in the District Court, reserving his right to appeal the denial of his motion to suppress evidence.

STANDARD OF REVIEW

¶5 We review a district court's denial of a motion to suppress evidence seized in an investigatory stop to determine whether the court's finding that the officer had particularized suspicion to justify the investigatory stop is clearly erroneous, and whether its conclusions of law are correct. *State v. Schulke*, 2005 MT 77, ¶ 10, 326 Mont. 390, ¶ 10, 109 P.3d 744, ¶ 10 (citation omitted).

DISCUSSION

¶6 **Did the District Court err in concluding particularized suspicion justified an investigative stop of Thompson's vehicle?**

¶7 A peace officer may stop a person or a vehicle when circumstances create a particularized suspicion that the person or a person within the vehicle is committing an offense. Section 46-5-401(1), MCA. To establish sufficient facts to form a particularized suspicion of wrongdoing to justify an investigative stop, the prosecution must show both (1) objective data from which an experienced officer could make certain inferences; and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in wrongdoing. Whether a particularized suspicion exists is a question of fact based on the totality of the circumstances surrounding the investigative stop. *Schulke*, ¶ 13 (citation

3

omitted).

¶8 Thompson states Wright did not observe him speeding, driving erratically, or causing an accident or near accident. He also points out that Wright did not cite him for any driving offenses other than DUI. Consequently, Thompson contends Wright did not have reasonable suspicion to justify a stop. Thompson compares this case to *State v. Lafferty*, 291 Mont. 157, 967 P.2d 363 (1998), and *Morris v. State*, 2001 MT 13, 304 Mont. 114, 18 P.3d 1003. His comparisons are misplaced.

¶9 *Lafferty* involved three subissues regarding particularized suspicion and the district court's denial of a motion to suppress. The first subissue related to our three-factor test for evaluating a citizen informant's information with regard to a possible drunk driver, as set forth in *State v. Pratt*, 286 Mont. 156, 951 P.2d 37 (1997). *See Lafferty*, ¶¶ 9-12. That matter is not at issue here.

¶10 The second subissue in *Lafferty* concerned the officer's observations and whether the driving at issue was either illegal or indicative of impairment. The district court determined that crossing a fog line constituted a traffic violation under § 61-8-328, MCA (1995). We disagreed, concluding that crossing onto and barely over the fog line did not violate the statute. *Lafferty*, ¶¶ 13-18. That matter also is not at issue here.

¶11 Finally, we addressed in *Lafferty* whether the driving was "erratic[], or all over the road, crossing the center line and the fog line, [or] weaving in and out of traffic" so as to constitute a basis for particularized suspicion under *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶ 39, 289 Mont. 94, ¶ 39, 961 P.2d 75, ¶ 39. *Lafferty*, ¶ 16. Based on the officer's

4

testimony, we determined it was not, concluded that--under the totality of the circumstances-- the officer did not have facts supporting a particularized suspicion that Lafferty was committing an offense, and reversed the district court's denial of the motion to suppress. *Lafferty*, ¶¶ 14-18.

¶12 In the present case, unlike *Lafferty*, the officer's observations established a statutory violation. Crossing the center line of Green Meadow Drive constitutes a traffic violation under § 61-8-321, MCA, and a violation of traffic laws provides particularized suspicion to stop. *See Schulke*, ¶ 16 (citation omitted). Finally, here--unlike in *Lafferty*--Wright testified that, based on his training and experience and the driving abnormalities he observed, he suspected the driver was intoxicated. *Lafferty* is inapplicable here.

¶13 In *Morris*, the City of Great Falls appealed from a district court order denying its motion to alter or amend a judgment granting a petition for revocation of the suspension of a driver's license, which was based on the court's determination that insufficient particularized suspicion existed for the traffic stop. Because we were reviewing the denial of a motion to alter or amend a judgment, the standard of review was different than that in the present case. *See Morris*, ¶ 4. In addition, *Morris* was factually different from the present case in that, there, the City's evidence was that the vehicle merely "drifted" a foot or so across a lane line and across the fog line at the edge of the roadway, but did not cross the centerline of the road. The record did not contain testimony that Morris was speeding or driving erratically. *Morris*, ¶¶ 9, 10. Here, the officer testified that Thompson's vehicle made a wide turn, crossing over the centerline into the oncoming lane of traffic. The officer also testified that,

after overcorrecting, Thompson continued to swerve in his own driving lane, rode the centerline and swerved off the right side of the road. According to the officer, this driving led him to suspect that Thompson might be intoxicated. *Morris* does not support Thompson's argument here.

¶14 In his reply brief, and for the first time, Thompson challenges several of the District Court's findings, stating, "the District Court's findings are supported by evidence in the form of Deputy Wright's testimony, however they are not based upon reasonable inferences from objective data." We do not address legal theories raised for the first time in a reply brief. *See* M. R. App. P. 23(c); *State v. Sattler*, 1998 MT 57, ¶ 47, 288 Mont. 79, ¶ 47, 956 P.2d 54, ¶ 47 (citations omitted). For that reason, we decline to discuss those arguments.

¶15 This case is comparable to *State v. Steen*, 2004 MT 343, 324 Mont. 272, 102 P.3d 1251. In *Steen*, a Bozeman police officer observed a pickup making a wide left turn into the far lane of a one-way street, a violation of § 61-8-333(1)(b), MCA (2001). The officer then observed the truck straddling both lanes as it continued down the one-way street. On the basis of those observations, the officer made an investigative stop which ultimately led him to charge the driver with DUI. We affirmed the determinations of both the justice court and the district court that the evidence presented was enough for the officer to suspect the driver had engaged in wrongdoing, which was sufficient to justify the investigative stop. *Steen*, ¶ 13.

¶16 Here, Officer Wright observed Thompson making a wide right turn onto Green Meadow Drive and crossing into the oncoming lane of traffic, a violation of § 61-8-333(1),

MCA. That observation constituted objective data from which an experienced officer could infer that the occupant of the vehicle was engaged in wrongdoing. We hold that, together with Wright's other observations of Thompson's driving, Wright had enough evidence to suspect that Thompson had engaged in wrongdoing, which was sufficient to justify the investigative stop.

¶17    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

7