No. DA 06-0224

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 47

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

WILLIAM BENJAMIN LUCKETT,

        Defendant and Appellant.


APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-05-0767,
Honorable Susan P. Watters, Presiding Judge


COUNSEL OF RECORD:

    For Appellant:

        Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Pamela Bucy, Assistant
Attorney General; Jessie Lundberg, Legal Intern, Helena Montana

        Dennis Paxinos, County Attorney; Laura E. Watson, Deputy County
Attorney, Billings, Montana


Submitted on Briefs:  January 10, 2007

Decided:  February 21, 2007

Filed:


_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Defendant William Luckett appeals the order of the Thirteenth Judicial District Court, Yellowstone County, finding that a police officer had the requisite particularized suspicion necessary to make an investigative stop of his vehicle. We affirm.

¶2 We state the issue as follows: Did the District Court err in denying Luckett's motion to dismiss based on its finding that the arresting officer had particularized suspicion to conduct an investigative stop of Luckett's vehicle?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On February 11, 2005, around 7:20 p.m., Deputy Reyna of the Yellowstone County Sheriff's Department was patrolling the area of the Pelican Truck Stop near Billings, Montana. Deputy Reyna observed two men, later identified as Luckett and Harold Creighton, standing in the parking lot, drinking beer. Three other men later joined Luckett and Creighton in the parking lot. Shortly thereafter, Deputy Reyna observed either Luckett or Creighton place his beer on the ground and enter a Ford Crown Victoria. Luckett was later identified as the driver of the Crown Victoria. Deputy Reyna followed Luckett as Luckett drove onto Interstate 90. Deputy Reyna testified that he followed Luckett to "make sure they were okay" as he had just witnessed the two men drinking beer.

¶4 Once on Interstate 90 Deputy Reyna followed Luckett, who was headed west towards Laurel, Montana. The other men in Luckett's group also were driving on Interstate 90 and were in a white pickup truck that was traveling between Deputy Reyna and Luckett. Despite the white pickup truck between him and Luckett's Crown Victoria,

2

Deputy Reyna was still able to observe Luckett's driving. In particular, Deputy Reyna observed Luckett driving at 50 miles per hour in a 75 miles her hour speed zone while weaving and also crossing the fog line on at least two occasions. Luckett exited Interstate 90 at Laurel where Deputy Reyna proceeded to initiate a traffic stop. Based upon his contact with Luckett, Deputy Reyna believed Luckett was under the influence of alcohol.

¶5 Luckett was subsequently charged with driving under the influence of alcohol (DUI) and careless driving. Luckett filed a motion to dismiss arguing lack of particularized suspicion. The District Court denied the motion. Pursuant to a plea agreement, Luckett subsequently entered a guilty plea reserving the right to appeal the District Court's denial of his motion to dismiss. Luckett timely appeals.

## STANDARD OF REVIEW

¶6 The grant or denial of a motion to dismiss in a criminal proceeding is a question of law which we review to determine whether the district court's conclusion of law is correct. *State v. Trombley*, 2005 MT 174, ¶ 5, 327 Mont. 507, ¶ 5, 116 P.3d 771, ¶ 5 (citing *City of Missoula v. O'Neill*, 2004 MT 328, ¶ 5, 324 Mont. 124, ¶ 5, 102 P.3d 21, ¶ 5). When the question is one of particularized suspicion, the district court's determination in that regard is reviewed under the clearly erroneous standard. *Trombley*, ¶ 5 (citing *State v. Steen*, 2004 MT 343, ¶ 5, 324 Mont. 272, ¶ 5, 102 P.3d 1251, ¶ 5).

## DISCUSSION

¶7 *Did the District Court err in denying Luckett's motion to dismiss based on its finding that the arresting officer had particularized suspicion to conduct an investigative stop of Luckett's vehicle?*

¶8 Luckett contends that the District Court erred when it denied his motion to dismiss because Deputy Reyna did not possess the necessary particularized suspicion to justify an investigative stop. A peace officer may stop a vehicle that is observed in circumstances that create particularized suspicion that the occupant of the vehicle has committed, is committing, or is about to commit an offense. Section 46-5-401, MCA. To determine whether such particularized suspicion exists, the State must show: (1) objective data from which an experienced officer could make certain inferences, and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in some wrongdoing. *State v. Britt*, 2005 MT 101, ¶ 8, 327 Mont. 1, ¶ 8, 111 P.3d 217, ¶ 8. Whether particularized suspicion exists is a question of fact dependent on the totality of the circumstances surrounding the investigative stop. *Britt*, ¶ 8. We evaluate the totality of the circumstances by considering the quantity, or content, and quality, or degree of reliability, of the information available to the officer. *Britt*, ¶ 8.

¶9 The District Court found that Deputy Reyna did have particularized suspicion to stop Luckett's vehicle and based its finding on the following facts: Deputy Reyna saw Luckett and another man drinking and observed them get into the Crown Victoria. Deputy Reyna then observed Luckett's slow rate of speed on Interstate 90. Finally, Deputy Reyna observed Luckett weaving on the Interstate and specifically, crossing the fog line on two separate occasions. Based on these facts, the District Court found that Deputy Reyna had particularized suspicion to stop Luckett and investigate his suspicions.

¶10 Luckett makes several generalized arguments. First, Luckett claims he was driving slowly because "with $3.00 gas many people drive at 50 miles per hour." Luckett

also contends that Deputy Reyna's stop was a "random check" for alcohol. Luckett further argues that "[t]here was a vehicle between the officer and Mr. Luckett's vehicle traveling 50 mph but the officer didn't stop that one." Luckett lastly contends that Deputy Reyna's sole justification for the investigative stop was based on observing Luckett and Creighton drinking beer at the Pelican Truck Stop and thus, Deputy Reyna's stated reason was merely a pretext to investigate whether Luckett was under the influence of alcohol.

¶11 We note that Luckett fails to ever properly apply the applicable standard as to whether particularized suspicion exists here—that is, the totality of the circumstances surrounding Deputy Reyna's stop of Luckett's vehicle. We find nothing in the record to substantiate Luckett's claims. Rather, it is clear that Deputy Reyna stopped Luckett based on witnessing Luckett and Creighton drinking, the two men subsequently driving away in the Crown Victoria while driving at a noticeably slow rate of speed on Interstate 90, the vehicle weaving along the highway, and the vehicle crossing the fog line. Moreover, Deputy Reyna testified that although there was another vehicle between him and the Crown Victoria, he was nevertheless able to fully observe Luckett's driving. The record further indicates that Deputy Reyna had over four years experience in law enforcement and had completed multiple training sessions through the Montana Law Enforcement Academy, including training in DUI detection. Given the objective data presented by the State through the observations of Deputy Reyna, which gave rise to his suspicions that Luckett was engaged in some wrongdoing, the District Court's finding

that there was particularized suspicion for conducting an investigative stop was not clearly erroneous.

¶12 In addition to arguing there was no factual basis for a finding of particularized suspicion, Luckett also seeks relief under the holding of *State v. Lafferty*, 1998 MT 247, 291 Mont. 157, 967 P.2d 363, that merely crossing the fog line, on its own, did not support a finding of particularized suspicion. *Lafferty*, ¶¶ 17-18. Here—unlike in *Lafferty*—Deputy Reyna testified, based on his training and experience, that he not only observed Luckett crossing the fog line, but also driving at an abnormal speed, weaving, and that he had previously witnessed Luckett and Creighton drinking beer. *Lafferty* is clearly distinguishable.

¶13 Luckett further argues that this case is similar to *State v. Jarman*, 1998 MT 277, ¶¶ 15-16, 291 Mont. 391, ¶¶ 15-16, 967 P.2d 1099, ¶¶ 15-16, where we held an officer did not have particularized suspicion to conduct an investigative stop of an individual solely based on the officer's observations of the individual talking on a pay phone on a cold night in a high crime area, driving away, and leaving the pay phone off the hook. We agree with the State that *Jarman* is distinguishable from the case at bar because in *Jarman* the behavior the officer observed did not connect the defendant to the crimes the officer suspected. *Jarman*, ¶ 15. Here Deputy Reyna's observations directly connected Luckett to a possible DUI violation.

¶14 Luckett finally advances *State v. Lee*, 282 Mont. 391, 938 P.2d 637 (1997), for the proposition that an officer's observation of a vehicle traveling 35 miles per hour in a 70

miles per hour speed zone is insufficient to establish particularized suspicion.[1]  In *Lee*, we held that information provided by a citizen informant alone, with no other objective data observed by law enforcement, does not support a finding of particularized suspicion. *Lee*, 282 Mont. at 396, 938 P.2d at 640.  *Lee* is clearly not on point with the case at bar as there is no citizen informant here and Deputy Reyna personally observed the events that preceded the investigative stop.  Thus, we will not address Luckett's argument with respect to *Lee*.

## CONCLUSION

¶15    Although Luckett claimed he was not drinking, Deputy Reyna observed Luckett and Creighton drinking beer at the Pelican Truck Stop.  Deputy Reyna further watched Luckett and Creighton shortly thereafter drive onto Interstate 90.  While on Interstate 90, it is uncontroverted that Luckett was driving abnormally slow for the conditions, crossed the fog line, and was weaving.  Accordingly, we hold the District Court's finding that Deputy Reyna had particularized suspicion to conduct an investigative stop of Luckett's vehicle was not clearly erroneous.

¶16    The judgment of the District Court is affirmed.


/S/ W. WILLIAM LEAPHART


[1]In his brief, Luckett erroneously claims that *Lee* involved a 70 miles per hour speed zone.  In actuality, *Lee* involved a 55 miles per hour speed zone. *Lee*, 282 Mont. at 393, 938 P.2d at 639.

7

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS