

DA 07-0634

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 414N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RYAN CHRISTOPHER NETTLETON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-68
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jeffrey T. Renz, Attorney at Law, Clinical Professor of Law, University of Montana; Nathan Kosted, Intern; Missoula, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General; C. Mark Fowler, Assistant Attorney General; Helena, Montana

Submitted on Briefs:  September 24, 2008

Decided:  December 9, 2008

Filed:

                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On October 8, 2006, Officer Tillman observed Defendant Nettleton's vehicle parked in the roadway, directed southbound on River Pines Road, Missoula County, with its lights on, at 3:45 a.m. Tillman stopped approximately 300 yards away to observe the vehicle, which remained stopped for several minutes. Tillman then approached the vehicle, which began moving when Tillman's patrol car came within 50 yards. The vehicle stopped again when it reached the intersection of River Pines Road and Blue Mountain Road. The vehicle remained motionless for about a minute, partially within the intersection, with its headlights illuminated. The vehicle then suddenly made a u-turn and proceeded in the opposite direction on River Pines Road. Officer Tillman then executed a traffic stop for further investigation. Ultimately, Officer Tillman processed Nettleton for a DUI, whereupon Nettleton admitted he was intoxicated and should not have been operating a vehicle.

¶3 Nettleton was charged with a DUI, and he filed a motion to dismiss in Justice Court, arguing Officer Tillman did not have particularized suspicion to justify the traffic

2

stop and requesting suppression of all evidence. The Justice Court denied his motion, and Nettleton entered a conditional guilty plea reserving his right to appeal. In the District Court, Nettleton moved to suppress the evidence upon the same theory. An evidentiary hearing was conducted on April 18 at which time Officer Tillman testified. The District Court denied Nettleton's motion and pursuant to his conditional plea of guilty, entered judgment against him on August 30, 2007. Nettleton appeals his conviction and the District Court's order denying his motion.

¶4    Nettleton presents three issues on appeal but we restate the dispositive issue as follows:

¶5    Did the District Court err in determining that Officer Tillman had particularized suspicion to execute a traffic stop?

**STANDARD OF REVIEW**

¶6    We review a district court's finding that an officer had particularized suspicion to justify an investigatory stop for error, and whether the court correctly applied that finding as a matter of law. *State v. Luckett*, 2007 MT 47, ¶ 6, 336 Mont. 140, ¶ 6, 152 P.3d 1279, ¶ 6.

**DISCUSSION**

¶7    A peace officer may stop a vehicle for which he has a particularized suspicion, based on the circumstances, that the occupant of the vehicle has committed, is committing, or is about to commit an offense. Section 46-5-401, MCA. "To determine whether such particularized suspicion exists, the State must show: (1) objective data from

which an experienced officer could make certain inferences, and (2) a resulting suspicion that the occupant of the vehicle in question is or has been engaged in some wrongdoing." *Luckett*, ¶ 8. The determination of whether particularized suspicion exists is a question of fact based on the totality of the circumstances, which include the quantity, or content and quality, or degree of reliability of the information available to the officer. *Luckett*, ¶ 8.

¶8 At the evidentiary hearing, Officer Tillman testified to the facts contained in his original report, as well as his experience and training. Tillman testified that he had been an active member of law enforcement for thirty-three years, of which thirty-one years included DUI detection work. He also attended ongoing training programs related to DUI detection. He testified that, based on his training and experience, indicators of a potentially impaired driver included driving either too fast or too slow, stopping inappropriately, and making wide turns.

¶9 When asked what indicators led him to stop Nettleton, Tillman noted the place, time of day, and Tillman's driving behavior. The incident occurred at about four in the morning in an area known for high criminal activity. Tillman observed the Defendant stop his vehicle on the road more than once for a prolonged period of time, perform a wide turn, make contact with the centerline, and veer back over the fog line. The District Court found sufficient particularized suspicion existed based upon Officer Tillman's observation of a vehicle stopped in the roadway for a prolonged period of time, the resumption of driving, and stopping again partially within an intersection, the location of

the incident, the time of day, the length of the stop at the intersection, and Nettleton's touching of the centerline.

¶10     Nettleton argues the District Court erred in failing to grant his motion to suppress because his behavior was not illegal and any prolonged stopping by him resulted from his text-messaging his girlfriend.  The State counters with its assertion that an officer need not observe illegal behavior.  The State argues that the District Court correctly found, based on the totality of the circumstances, that Officer Tillman made an appropriate inference from objective data that resulted in a suspicion of wrongdoing justifying his stop of Nettleton's vehicle.

¶11     Nettleton attempts to pick apart each of the factors Officer Tillman relied upon in determining to stop him and claims he was doing nothing illegal.  However, particularized suspicion is based on the totality of the circumstances; whether a particular piece of information an officer observes is illegal is not decisive.  An officer need not observe a traffic violation to establish particularized suspicion to justify a traffic stop. *State v. Brander*, 2004 MT 150, ¶ 6, 321 Mont. 484, ¶ 6, 92 P.3d 1173, ¶ 6.  "Even if a defendant does not violate a specific traffic law, the officer still may form a particularized suspicion, under the totality of the circumstances, sufficient to make an investigatory stop." *State v. Shulke*, 2005 MT 77, ¶ 17, 326 Mont. 390, ¶ 17, 109 P.3d 744, ¶ 17.

¶12     Nettleton explains his driving behavior appeared unusual because he was text-messaging.  However, despite Nettleton's justification, an officer need not eliminate all possible legal reasons for a driver's conduct before initiating a stop.  *State v. Hatler*, 2001

MT 38, ¶ 11, 304 Mont. 211, ¶ 11, 19 P.3d 822, ¶ 11. On the contrary, the goal of an investigative stop is to further an officer's investigation into whether illegal behavior has been or is being committed. Section 46-5-401, MCA.

¶13 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶14 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS