No. 00-096

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 13

GAYLE ABRAHAM MORRIS,

Petitioner/Respondent,

v.

STATE OF MONTANA,

CITY OF GREAT FALLS,

Respondent/Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kory Larsen, Assistant City Attorney, Great Falls, Montana

For Respondent:

Ken Olson, Attorney at Law, Great Falls, Montana

Submitted on Briefs: November 9, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 The City of Great Falls appeals from an order entered by the Eighth Judicial District, Cascade County, denying its motion to alter or amend a judgment granting the petition of Gayle A. Morris for a revocation of the suspension of Morris' driver's license. One issue is dispositive of this appeal: Did the District Court err in denying the State's motion to alter or amend the judgment reinstating Morris' driver's license? We affirm.

## BACKGROUND

¶2 On April 22, 1999, at approximately 1:50 a.m., Officer Scott Van Every of the Great Falls Police Department observed a vehicle ahead of him proceeding eastbound on Tenth Avenue South. In the course of eight blocks, Officer Van Every observed the vehicle "drift" across the painted line separating the eastbound lanes of traffic, and then "drift" and touch the fog line on the other side of the lane one or two times. Officer Van Every initiated a traffic stop. Upon making contact with the driver of the automobile, Officer Van Every formed the opinion that Morris might be driving under the influence of alcohol and requested that Morris undertake standardized field sobriety tests. At the conclusion of these tests, Van Every read the preliminary alcohol screening test advisory and requested that Morris provide a sample of his breath to determine his blood alcohol concentration level. Morris refused, was arrested, and again refused to take a breath test. Morris's driving privileges were suspended due to his failure to take the breath tests requested by Van Every.

¶3 Morris filed a petition in District Court to restore his driving privileges pursuant to § 61-8-403, MCA. A hearing was held on September 17, 1999, and the District Court found that there was no particularized suspicion for the traffic stop and restored Morris's driver's license. The State then filed a motion to alter or amend the judgment which the District Court denied on November 16, 1999. The State appeals.

## STANDARD OF REVIEW

¶4 The decision to grant or deny a motion to alter or amend a judgment is within the sound

discretion of a district court. Thus, we review whether the District Court abused its discretion when it denied the motion to alter or amend its judgment. *Bragg v. McLaughlin,* 1999 MT 320, ¶ 11, 297 Mont. 282, ¶ 11, 933 P.2d 662, ¶ 11.

## DISCUSSION

¶5 Did the District Court err in denying the State's motion to alter or amend the judgment reinstating Morris' driver's license?

¶6 The State contends that the District Court erred when it denied a motion to amend or alter its previous holding that there was insufficient "particularized suspicion" for Officer Van Every to commence a traffic stop of Morris. Morris contends that the District Court did not err in appropriately applying a requirement of particularized suspicion before Van Every could perform a legal traffic stop. We agree.

¶7 The District Court did not abuse its discretion in denying the State's motion to alter or amend judgment pursuant to Rule 59(g), M.R.Civ.P. The State did not allege newly discovered evidence, but merely alleged that the District Court misunderstood or misapprehended the evidence presented in the hearing to reinstate Morris' driver's license.

¶8 In a hearing to reinstate a driver's license, a court must first look to whether a peace officer had a "particularized suspicion" for making an initial traffic stop. *See, e.g., State v. Gilder*, 1999 MT 207, ¶ 8, 295 Mont. 483, ¶ 8, 985 P.2d 148, ¶ 8. If the requirements of "particularized suspicion" do not exist from the evidence presented to the District Court, then no valid stop occurred. *See* § 46-5-401, MCA.

¶9 A particularized suspicion to justify an investigative stop must be proven with objective data from which an experienced officer can make certain inferences, and a resulting suspicion that a person is or has been engaged in wrongdoing. *Gilder,* ¶8. In *State v. Lafferty*, 1998 MT 247, ¶ 10, 291 Mont. 157, ¶ 10, 967 P.2d 363, ¶ 10, we concluded that whether a particularized suspicion exists to justify an investigative stop is a question of fact which depends on the totality of the circumstances. We further held that merely touching or crossing the fog line while driving is not a traffic infraction and was insufficient in itself, and without other relevant circumstances, to create a particularized suspicion of wrongdoing that would justify a traffic stop. *Lafferty*, ¶¶ 16-18.

¶10 Such is the case at hand. The record shows that there was no report that Morris was

speeding, driving erratically, nor caused an accident or a near accident. Morris was not cited for any driving offenses, other than DUI, at the time of the traffic stop. Officer Van Every testified that Morris merely "drifted" a foot or so across the line of the other eastbound lane and "drifted" to touch the fog line on the other side of the lane. Morris testified that the road was rutted, and that his usual practice was to attempt to avoid potholes on the road. To summarize the evidence, the State failed to show that Morris was driving in a manner that justified a traffic stop.

¶11 We do note that the District Court mischaracterized our holding in *Lafferty* to require that a traffic violation is necessary to create "particularized suspicion" prior to a traffic stop. Such error, however, did not materially affect the outcome of the case since the District Court correctly determined that there were insufficient grounds for Officer Van Every to form a particularized suspicion of wrongdoing to justify this traffic stop.

¶12 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER