JUSTICE NELSON
dissents.
¶25 I dissent from the Court’s decision. The discovery issue is nothing but a red herring. The 9-1-1 tape was irrelevant under the undisputed facts here.
¶26 The proceeding at issue involved Patterson’s challenge to the suspension of his driver’s license under § 61-8-403, MCA. It is well settled that under this statute the trial court’s review is limited to three issues: (1) whether a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon the ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two; (2) whether the person was placed under arrest; and (3) whether the person refused to submit to the test for the presence of alcohol or drugs in the person’s body. Gentry v. State, Dept. of Justice (1997), 282 Mont. 491, 495, 938 P.2d 693, 695.[1]
¶27 In the case at bar, there are no disputed questions of fact as to (2) and (3). See ¶¶ 3-4 of the majority opinion. That leaves (1) as the only *389 issue for the trial court’s review.
¶28 Typically, the sort of case before us here starts with the stop of the accused’s vehicle by a police officer based on a traffic violation or erratic driving. The accused characteristically claims that there was no particularized suspicion or reasonable grounds for the stop. See, for example, Grindeland v. State, 2001 MT 196, ¶ 9, 306 Mont. 262, ¶ 9, 32 P.3d 767, ¶ 9. Indeed, we have held that in a hearing to reinstate a driver’s license, the trial court must first look to whether a peace officer had a “particularized suspicion” for making the initial stop. Morris v. State, 2001 MT 13, ¶ 8, 304 Mont. 114, ¶ 8, 18 P.3d 1003, ¶ 8. Keeping that premise in mind, the only possible relevance that the 9-1-1 tape would have had to the proceedings at bar was whether the arresting officer had reasonable grounds in “stopping” Patterson.
¶29 However, here, as ¶ 3 of the Court’s opinion reflects, there was no initial stop. Patterson was passed out, drunk, slumped over the steering wheel, with his vehicle running. The record also reflects that Patterson’s vehicle was parked on a public Street-North Pattee Street-in Missoula.
¶30 Importantly, Officer Hedges did nothing as a result of the 9-1-1 tip that he could not have done without the tip. Had he simply come upon a vehicle parked on a public street, with the motor running and the driver passed out over the steering wheel, Officer Hedges would have had the authority-in fact, a duty-to investigate further, whether based on reasonable suspicion that the driver was intoxicated, see State v. Morris (1988), 230 Mont. 311, 749 P.2d 1379, or under the “welfare check” doctrine, see State v. Boyer, 2002 MT 33, ¶ 11, 308 Mont. 276, ¶ 11, 42 P.3d 771, ¶ 11 (citing Grinde v. State (1991), 249 Mont. 77, 81, 813 P.2d 473, 476, overruled on other grounds by Bush v. Montana DOJ, Motor Vehicle Div., 1998 MT 270, 291 Mont. 359, 968 P.2d 716).
¶31 While I do not condone the State’s sloppy discovery practice and while, in some other case, the 9-1-1 tape may have been crucial in determining whether the initial stop was based on particularized suspicion (compare State v. Pratt (1997), 286 Mont. 156, 951 P.2d 37), in the context of this case, the 9-1-1 tape was irrelevant. Why or how Officer Hedges came to be at Patterson’s vehicle matters not at all since there was no stop. Our case law permitted Officer Hedges to do exactly what he did, regardless of what prompted his appearance at Patterson’s vehicle.
¶32 I agree that sanctions are an important method of enforcing discovery obligations in civil and criminal cases alike. However, punishing a party for failing to produce irrelevant evidence is nothing *390 but a sanction for sanction’s sake and has no legitimate purpose.
¶33 On the undisputed facts here, I would reverse, vacate the trial court’s decision, and order Patterson’s driver’s license suspension to be reinstated. I dissent from our failure to do so.
JUSTICES LEAPHART and RICE concur in the foregoing dissent.

 The 1999 version of the Montana Code applies in the case sub judiee. The version of the code at issue in Gentry was the 1995 version. While the language of § 61-8-403(4)(a), MCA (1995), varies somewhat from § 61-8-403(4)(a), MCA (1999), the basic three elements of inquiry articulated in Gentry remain the same-at least as applied in the instant case.