No. 03-709

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 204

STATE OF MONTANA,

        Plaintiff and Appellant,

   v.

SHAWNTAIGNE LONEY,

        Defendant  and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. DDC 03–123(a)
                     Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Hon. Mike McGrath, Attorney General; Ilka Becker,
                Robert Stutz (argued), Assistant Attorneys General,
                Helena, Montana

                Brant S. Light, Cascade County Attorney; Marty Judnich
                Deputy County Attorney, Great Falls, Montana

        For Respondent:

                Kenneth R. Olson, Attorney at Law, Great Falls Montana

Heard at Oral Argument:  May 20, 2004

Submitted:  June 8, 2004

Decided:  August 3, 2004

Filed:

_____
                               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     The Eighth Judicial District Court, Cascade County, determined the State of Montana lacked particularized suspicion for the investigative stop of a vehicle driven by Shawntaigne Loney and granted Loney's motion to dismiss the charges against her.  The State appeals. We reverse and remand.

BACKGROUND

¶2     At about 2:30 a.m. on June 17, 2002, Jason Caughey was driving home to Great Falls, Montana, at the end of his shift at the Belt Rodeo as a reserve deputy for the Cascade County Sheriff's Office.  Caughey observed a white Pontiac cross the center line of the two-lane highway in a no-passing zone.  He saw the Pontiac cross the center line a total of three times at speeds of between 65 and 70 miles per hour, each time then weaving back the other way and twice crossing the fog line at the edge of the highway.

¶3     Caughey stopped the Pontiac because of the traffic violation he had witnessed-- crossing the center line--and because he suspected the driver might be intoxicated.  He subsequently cited the driver, Shawntaigne Loney, for driving under the influence of alcohol or drugs (DUI) in violation of § 61-8-401, MCA, and failing to drive on the right side of the roadway in violation of § 61-8-321, MCA.  In a justice court trial, a jury found Loney guilty of both offenses.  She appealed to District Court for trial *de novo.*

¶4     In the District Court, Loney moved to dismiss the charges on grounds that Caughey's initial stop of her was illegal because there was insufficient objective data from which an

2

experienced officer could infer criminal wrongdoing. After a hearing at which Caughey testified, the District Court granted Loney's motion to dismiss. The State appeals.

DISCUSSION

¶5 Did the District Court err in granting Loney's motion to dismiss based on its determination that Caughey lacked particularized suspicion to justify an investigative stop?

¶6 We review a district court's grant of a motion to dismiss in a criminal case *de novo*; that is, we review the decision to determine whether it was correct. *State v. Beanblossom*, 2002 MT 351, ¶ 9, 313 Mont. 394, ¶ 9, 61 P.3d 165, ¶ 9 (citation omitted).

¶7 Pursuant to § 46-5-401, MCA, "a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Montana courts use a two-part test for determining the existence of particularized suspicion sufficient to justify an investigative stop: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wongdoing. *State v. Eixenberger*, 2004 MT 127, ¶ 16, 321 Mont. 298, ¶ 16, 90 P.3d 453, ¶ 16 (citations omitted). Whether particularized suspicion exists to justify an investigative stop is a question of fact which depends on the totality of the circumstances. *Eixenberger*, ¶ 16 (citation omitted).

¶8 In granting Loney's motion to dismiss for lack of particularized suspicion, the District Court compared this case to *Morris v. State*, 2001 MT 13, 304 Mont. 114, 18 P.3d 1003. In *Morris*, a city police officer initiated a traffic stop after a vehicle drifted across the eastbound

3

lanes of traffic on a multi-lane city street and then drifted and touched the eastbound fog line once or twice. The officer subsequently arrested the driver--Morris--for DUI and, when Morris refused to submit to breath tests, his driving privileges were suspended pursuant to § 61-8-402, MCA. Morris petitioned the district court to revoke the suspension of his license, and the district court found no particularized suspicion for the traffic stop and granted his petition. On appeal, we affirmed. We noted Morris was not cited for any driving offenses other than DUI and determined the prosecution had failed to establish that he was driving in a manner justifying a traffic stop. *Morris*, ¶ 10.

¶9  *Morris* is not applicable here. As the District Court observed, Loney was cited not only for DUI, but also "for failure to drive to the right except when passing, in violation of § 61-8-321, MCA[.]"

¶10  Loney argues, however, that Caughey did not qualify as an "experienced officer" for purposes of the first prong of the test for determining the existence of particularized suspicion. *See Eixenberger*, ¶ 16. She surmises that, by referring to Caughey as "Reserve Deputy Jason Caughey," the District Court indicated it had considered and relied upon the testimony about Caughey's lack of experience. She also points out discrepancies between Caughey's statements in his affidavit of probable cause and his testimony at the hearing concerning how far her vehicle passed over the center line, as well as between his direct and cross-examination.

¶11  Loney's arguments are without merit. The District Court did not determine that Caughey was not credible. Indeed, it related--and relied on--Caughey's testimony in its

4

order.  Moreover, referring to Caughey by his appropriate title of Reserve Deputy is a far cry from making an express determination that he was not an "experienced officer."

¶12     The facts of the present case are controlled by our recent decision in *Widdicombe v. State ex rel. Lafond*, 2004 MT 49, 320 Mont. 133, 85 P.3d 1271, notwithstanding that *Widdicombe* involved a civil petition for reinstatement of a suspended driver's license.  There, the driver claimed a lack of particularized suspicion sufficient to stop him.  Highway patrol officers had observed his vehicle crossing the center line of a two-lane highway. *Widdicombe*, ¶ 5. The district court refused to reinstate the license, and we affirmed on appeal.  "Driving a vehicle across the yellow center line, absent one of the statutory exceptions, constitutes a traffic violation under § 61-8-321, MCA." *Widdicombe*, ¶ 13.

¶13     Here, Caughey testified Loney crossed the center line on more than one occasion.  His testimony was undisputed in that regard.  Nor did Loney argue or present testimony that any of the circumstances set forth in § 61-8-321, MCA, as exceptions to the requirement that a vehicle be operated on the right half of the roadway exist.

¶14     Finally, Loney argues the particularized suspicion "standard" set forth in *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶ 39, 289 Mont. 1, ¶ 39, 961 P.2d 75, ¶ 39, of "driving erratically" was not met here.  This argument, too, fails.

¶15     In *Hulse*, ¶ 39, we posited that, where an individual was "driving erratically" by "driving all over the road, crossing the center line and the fog line, weaving in and out of traffic, or braking for green lights,"  particularized suspicion would be established for both an initial stop and administration of field sobriety tests.  Our discussion did not establish a

5

general standard for particularized suspicion. It merely set forth an example of a situation creating particularized suspicion for both an initial stop and administration of field sobriety tests.

¶16 Caughey observed Loney crossing the center line of the highway under circumstances which did not fit any of the § 61-8-321, MCA, exceptions to the statutory prohibition of crossing the center line. Crossing the center line is an objective standard which would have led an experienced officer to infer Loney was committing a traffic violation. Observation of a traffic offense is sufficient to establish a particularized suspicion. *See State v. Brander*, 2004 MT 150, ¶ 6, 321 Mont. 484, ¶ 6, 92 P.3d 1173, ¶ 6. Under the totality of the circumstances, we conclude the District Court erred in finding Caughey lacked particularized suspicion to justify an investigative stop. Therefore, we hold the District Court erred as a matter of law in granting Loney's motion to dismiss.

¶17 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ JOHN WARNER

6