No. 04-824

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 344N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RONALD ALLEN RORVIK,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake, Cause No. DC-04-25
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Larry J. Nistler, Attorney at Law, Polson, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Jon Ellingson, Assistant
        Attorney General, Helena, Montana

        Robert J. Long, Lake County Attorney, Polson, Montana

_____

        Submitted on Briefs:  December 13, 2005

        Decided:  December 28, 2005

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Ronald Allen Rorvik (Rorvik) appeals from an order of the Twentieth Judicial District, Lake County, denying his motion to dismiss the initial stop of his vehicle by a Montana highway patrol officer based upon a lack of particularized suspicion. We affirm.

¶3 Rorvik contends that the District Court erred in concluding that the highway patrol officer who stopped Rorvik's vehicle possessed the requisite objective data to authorize such a stop pursuant to § 46-5-401(1), MCA. We have held that for an investigatory stop to be reasonable, "an officer must have: (1) objective data from which the officer can make certain inferences; and (2) a resulting suspicion that the person stopped is or has been engaged in wrongdoing." *State v. Fellers*, 2004 MT 321, ¶ 21, 324 Mont. 62, ¶ 21, 101 P.3d 764, ¶ 21.

¶4 Rorvik further contends that the highway patrol officer who stopped his vehicle was not an experienced officer and, therefore, not in a position to make legitimate inferences concerning particularized suspicion. We evaluate the question of whether particularized suspicion supports an investigatory stop in light of the totality of the circumstances.

2

*Fellers*, ¶ 21. We further have concluded that the "[o]bservation of a traffic offense is sufficient to establish a particularized suspicion." *State v. Loney*, 2004 MT 204, ¶ 16, 322 Mont. 305, ¶ 16, 95 P.3d 691, ¶ 16.

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶6 In this instance, Officer Gehl testified that Rorvik's headlights were shining "directly into my eyes" when he passed Rorvik on Highway 93, south of Ninepipes Lodge in Lake County. Officer Gehl further testified that he flashed his own high beams at Rorvik to signal him to use his low beams, but received no response. Officer Gehl assumed that Rorvik may have violated § 61-9-221, MCA, when he failed to prevent his lights from shining directly into Officer Gehl's eyes as he passed Rorvik on the highway.

¶7 Rorvik contends that he did not violate § 61-9-221, MCA, due to the fact that the high beam lights on his truck were not operational on the night in question. Rorvik fails to recognize, however, that a driver may violate the statute, regardless of his use of the high beams, whenever he fails to "use a distribution of light or composite beam that does not project into the eyes of the oncoming driver" when driving within 1000 feet of an oncoming vehicle. Office Gehl testified that Rorvik's lights shined directly into his eyes and he flashed his lights at Rorvik as a signal to have Rorvik dim his high beams. Rorvik failed to respond. It is to this fact that Office Gehl testified at the hearing on Rorvik's motion to dismiss and this fact provides the requisite particularized suspicion necessary to satisfy the requirements of § 46-5-401(1), MCA.

¶8    Affirmed.


                              /S/ BRIAN MORRIS


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ PATRICIA O. COTTER