No. DA 06-0746

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 221

| | | |
|---|---|---|
| | ) | |
| JESSE GOLDSMITH, | ) | |
| | ) | |
| Petitioner and Appellant, | ) | O P I N I O N |
| | ) | A N D |
| v. | ) | O R D E R |
| | ) | |
| THE DEPARTMENT OF JUSTICE, DRIVERS | ) | |
| LICENSE BUREAU, | ) | |
| | ) | |
| Respondent and Respondent. | ) | |
| | ) | |

¶1      On May 27, 2006, Appellant Jesse Goldsmith was stopped by University of Montana Public Safety Officer Christopher Croft.  He was asked to submit a breath sample on a Portable Breath Test device and refused.  He was then arrested for driving while under the influence of an intoxicating substance, and transported to the detention center in Missoula where he was asked to submit a breath sample for blood alcohol analysis.  Goldsmith's driver's license was then taken from him for refusing to submit to testing of his breath to determine alcohol concentration in his blood.  His driver's license was later suspended by the Department of Justice.

¶2      On June 22, 2006, Goldsmith filed a petition in the District Court for the Fourth Judicial District, Missoula County, to have his driver's license restored pursuant to § 61-8-403, MCA.  The petition was heard on October 26, 2006.  At the hearing Goldsmith argued, through counsel, that Officer Croft did not have the necessary particularized suspicion required to stop him and, therefore, he was not lawfully under arrest and his driver's license must be restored.  A particularized suspicion to justify an investigative

stop must be proven with objective data from which an experienced officer can make certain inferences, and a resulting suspicion that a person is or has been engaged in wrongdoing. Whether a particularized suspicion exists to justify an investigative stop is a question of fact which depends on the totality of the circumstances. *Morris v. State*, 2001 MT 13, ¶ 9, 304 Mont. 114, ¶ 9, 18 P.3d 1003, ¶ 9.

¶3 At the conclusion of the hearing, the District Court stated:

> THE COURT: Well, there is no question that when Officer Croft saw the vehicle on Arthur and East Central, it appeared to be stopped, and bordering on driving towards the sidewalk.
>
> He then decided to follow the vehicle that was driven by Mr. Goldsmith, and when he followed the vehicle on Maurice Avenue, he noticed the vehicle was coming to almost a stop at each intersection, and finally, to a complete stop on Evans Avenue.
>
> My difficulty in the matter is substituting my judgment for that of the street cop, and what stands out to that officer, and raises flags that there may be a driver who is impaired, and the officer decides to make a stop. I yield to the officer's experience.
>
> And, therefore, I deny the petition to reinstate the driver's license.

¶5 A petition to reinstate a driver's license under § 61-8-403, MCA, is a civil action. *State ex rel. Majerus v. Carter*, 214 Mont. 272, 278, 693 P.2d 501, 505 (1984). The District Court made no findings of fact or conclusions of law as required by M. R. Civ. P. 52(a). Nor does the transcript contain sufficient information for this Court to determine the factual and legal basis of the District Court's decision. Further, no judgment on the petition was entered as provided by M. R. Civ. P. 54.

¶6 Because no findings of fact, no conclusions of law and no judgment were entered in the District Court, this Court does not have sufficient information upon which to base its review.

¶7     NOW, THEREFORE, IT IS ORDERED as follows:

1. This APPEAL is DISMISSED WITHOUT PREJUDICE and REMANDED to the District Court of the Fourth Judicial District, Missoula County, for entry of findings of fact, conclusions of law and a judgment, as required by the Montana Rules of Civil Procedure.

2. The Clerk of this Court shall mail a copy of this order to the presiding judge of the District Court of the Fourth Judicial District, Missoula County, and to all counsel of record.

DATED this 5TH day of September 2007.

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS