JUSTICE WHEAT
delivered the Opinion of the Court.
¶1 Donald D. Murray (Murray) appeals from an order of the Fifth Judicial District Court, Jefferson County, denying his motion to suppress. Murray also appeals his sentence for operating a motor vehicle without liability insurance. We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.
¶2 Murray presents the following issues on appeal:
¶3 Issue 1: Whether the District Court erred in denying Murray’s motion to suppress?
¶4 Issue 2: Whether the District Court erred when it sentenced Murray for operating a motor vehicle without liability insurance?
¶5 Issue 3: Whether, in the alternative, the prosecutor erred in recommending a sentence for operating a motor vehicle without liability insurance that was outside the scope of the plea agreement?
BACKGROUND
¶6 Shortly before midnight on July 24, 2008, Jefferson County Sheriffs Deputy Chad Cross was patrolling the town of Whitehall, Montana. While stopped at the intersection of Second Street and Division Street, Cross observed an older blue pickup pass in front of him, turn onto Yellowstone Trail, and immediately pull over, stop, and shut off its headlights. Cross proceeded with his patrol and eventually traveled back down Yellowstone Trail. Cross noted the truck was still parked alongside the road, and a man was walking two dogs on the side of the road, while another man remained in the passenger seat. Cross recognized Murray as the man walking the dogs. Cross passed the truck and continued his patrol.
¶7 Later, while Cross approached Yellowstone Trail from Kelly Road, he noticed the truck traveling on Yellowstone Trail. Cross pulled onto Yellowstone Trail behind the truck. While following the truck, Cross observed it weave across the center area of the unlined road and straddle the center area for approximately one to two seconds before weaving back to the right-hand side of the road. Cross believed that the truck’s driver (Murray) had committed a traffic offense by failing to drive to the right side of the roadway, in violation of § 61-8-321, MCA. Cross continued to follow the truck to determine whether the behavior would repeat itself.
*125 ¶8 Shortly thereafter, however, the truck pulled into the Mormon Church parking lot and parked. Cross followed and parked, blocking the truck from reversing. While Cross radioed dispatch, Murray exited the truck with his dogs and walked away. Cross yelled at Murray to get his attention and requested that he return to the truck. Murray complied, and the subsequent interaction between Murray and Cross led to Murray’s arrest for driving while under the influence of alcohol (DUI). On appeal, Murray does not challenge the legality of any events occurring after Cross contacted him.
¶9 Murray was charged injustice court with driving or operating a vehicle with a blood alcohol content of .08 or greater (DUI Per Se), in violation of § 61-8-406, MCA, and operating a motor vehicle without liability insurance, in violation of § 61-6-301, MCA. Murray filed a motion to suppress in justice court, arguing that Cross did not have sufficient particularized suspicion to stop him. The court denied his motion, and, following a bench trial, Murray was found guilty of both offenses. Murray then appealed to District Court and again filed his motion to suppress. The District Court denied the motion, concluding Cross had particularized suspicion to stop Murray. Subsequently, Murray entered a conditional plea, whereby he agreed to plead guilty to both the DUI Per Se and no insurance charges on the condition that he could appeal the denial of his motion to suppress to this Court. Murray was sentenced for the no insurance offense to six months in the Jefferson County Jail, with all but two days suspended, credit for ten days of jail time served, and a $250 fine.
¶10 Murray appeals.
STANDARD OF REVIEW
¶11 We review the denial of a motion to suppress evidence to determine whether the district court’s findings of fact are clearly erroneous and whether the court correctly applied those findings as a matter of law. State v. Rutherford, 2009 MT 154, ¶ 9, 350 Mont. 403, 208 P.3d 389. Findings of fact are clearly erroneous if they are not supported by substantial credible evidence, the court has misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been committed. State v. Deines, 2009 MT 179, ¶ 6, 351 Mont. 1, 208 P.3d 857. We review for clear error a finding that an officer had a particularized suspicion to conduct an investigative stop. Rutherford, ¶ 9.
¶12 This Court reviews criminal sentences for legality only, and we *126 confine our review to whether the sentence falls within statutory parameters. State v. Benoit, 2002 MT 166, ¶ 18, 310 Mont. 449, 51 P.3d 495.
DISCUSSION
¶13 Issue 1: Whether the District Court erred in denying Murray’s motion to suppress?
¶14 “[A] peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.” Section 46-5-401, MCA. Particularized suspicion exists where there is (1) objective data from which an experienced officer can make certain inferences and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing. State v. Loney, 2004 MT 204, ¶ 7, 322 Mont. 305, 95 P.3d 691. A law enforcement officer’s observation of a traffic offense more than satisfies the particularized suspicion requirement: probable cause, rather than particularized suspicion, exists in that instance because there are sufficient facts and circumstances, rather than inferences and a resulting suspicion, within the officer’s personal knowledge to warrant a reasonable person’s belief that the suspect has committed an offense. Loney, ¶ 16; In re License Suspension of Cybulski, 2008 MT 128, ¶ 26, 343 Mont. 56, 183 P.3d 39. Relevant to this appeal, § 61-8-321, MCA, provides that, subject to certain exceptions not applicable here, “[u]pon all roadways of sufficient width, a vehicle must be operated upon the right half of the roadway ...”
¶15 The District Court, after personally driving upon and viewing Yellowstone Trail, determined that the road was of sufficient width to allow vehicles to meet and remain upon their respective right halves of the road surface. The District Court further noted that § 61-8-321, MCA, does not require that a centerline be marked with a paint stripe or otherwise, and Murray’s failure to operate his truck to the right side of the roadway violated § 61-8-321, MCA. Based on the above, the District Court denied Murray’s motion to suppress, concluding that a violation of § 61-8-321, MCA, provides probable cause, a higher standard than particularized suspicion, and, therefore, Cross was authorized to stop Murray. In the alternative, the District Court concluded that even if there was no statutory violation, Murray’s unsteady travel from the left of center to the right of the roadway provided particularized suspicion for the stop.
*127 ¶16 On appeal, Murray argues that the District Court’s determination that Yellowstone Trail is of sufficient width for § 61-8-321, MCA, to apply is unsupported by case law or statute and is unrealistic when applied to rural roads. In addition, Murray argues the District Court’s alternative finding was error because Murray’s weaving does not give rise to particularized suspicion.
¶17 We conclude the District Court’s finding that Yellowstone Trail was of sufficient width and that Murray violated § 61-8-321, MCA, is not clearly erroneous. The District Court heard testimony from Cross who testified that he had no trouble staying on the right side of Yellowstone Trail. The District Court also noted that Murray acknowledged that almost everyone drives down the center of the roadway until another car approaches, at which time each vehicle drives on its respective right half of the road-an implicit admission that the road is sufficiently wide. Finally, the District Court independently viewed the portion of Yellowstone Trail at issue and concluded that “the road is of more than sufficient width to allow two vehicles to meet.” After finding Murray drove on the left side of the road (Murray failed to refute this), the District Court correctly concluded Murray violated a statute, thus satisfying the particularized suspicion requirement for the stop. See Loney, ¶ 16. Because we affirm on the basis that Murray’s violation of § 61-8-321, MCA, established probable cause for the stop, it is not necessary for us to address the District Court’s alternative holding that regardless of a statutory violation, particularized suspicion existed for the stop.
¶18 Issue 2: Whether the District Court erred when it sentenced Murray for operating a motor vehicle without liability insurance ?
¶19 Section 61-6-301(4), MCA, provides that it is unlawful for a person to operate a motor vehicle upon ways of this state open to the public without a valid policy of liability insurance in effect. A first conviction of this offense is punishable by “a fine of not less than $250 or more than $500 or by imprisonment in the county jail for not more than 10 days, or both.” Section 61-6-304(1), MCA.
¶20 Murray’s sentence of six months with all but two days suspended clearly exceeds the statutory maximum penalty. The State concedes that Murray’s sentence is illegal. Therefore, we remand to the District Court for resentencing to correct the illegal provision — the six month sentence-of Murray’s sentence. State v. Heafner, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Because we reverse and remand for resentencing, we need not address Issue 3.
*128 CONCLUSION
¶21 We affirm the District Court’s determination that Murray’s violation of § 61-8-321, MCA, established probable cause, a higher standard than that of the minimum particularized suspicion requirement, thus justifying the investigatory stop. However, we reverse the sentence imposed by the District Court for failure to have liability insurance because it exceeds the statutory maximum sentence, and, therefore, we remand to the District Court to correct the illegal portion of the sentence.
¶22 Affirmed in part, reversed in part, and remanded for resentencing.
JUSTICES COTTER and MORRIS concur.