DA 12-0060

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 218N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANIEL ROBERT YEOMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-206
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade M. Zolynski, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender; Hannah Tokerud, Legal Intern,
Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Victoria Callender,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  September 12, 2012

Decided:  October 2, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Daniel Robert Yeoman appeals from the District Court's denial of his motion to suppress the evidence against him. We affirm.

¶3     On March 29, 2011, a Billings Police Officer saw Yeoman make a wide turn while driving at about 2:00 a.m., crossing a double yellow traffic line. The officer caught up to Yeoman and made a traffic stop, detecting the strong smell of alcohol coming from Yeoman. The officer also saw that Yeoman's eyes were bloodshot, glossy and half closed; Yeoman's speech was slurred and slow; and alcoholic beverages were in the car. The officer conducted field sobriety tests and arrested Yeoman. The State charged Yeoman with driving under the influence.

¶4     Yeoman moved to suppress the evidence obtained by the officer after the traffic stop and to dismiss the charges. The District Court held a hearing, taking the testimony of the arresting officer and viewing the video recording made through the camera in the officer's patrol car. The District Court found that Yeoman "made a wide turn, crossed the double yellow," and that the evidence showed that the officer made the decision to make the traffic stop at that time. Based upon that traffic violation, the District Court

determined that the officer had particularized suspicion to make the stop, and denied the motion to suppress. Yeoman pled guilty to the DUI charge, reserving his right to appeal the denial of the motion to suppress.

¶5 A peace officer may stop a person or vehicle if the officer has particularized suspicion that the person has committed, is committing, or is about to commit an offense. Section 46-5-401(1), MCA; *State v. Loney*, 2004 MT 204, ¶ 7, 322 Mont. 305, 95 P.3d 691. This Court reviews a district court's finding that an officer had particularized suspicion to make a stop to determine whether it is clearly erroneous; that is, whether it is supported by substantial evidence. *State v. Ross*, 2008 MT 369, ¶ 3, 346 Mont. 460, 197 P.3d 937. The existence of particularized suspicion is an issue of fact that depends upon the totality of the circumstances. *Ross*, ¶ 9.

¶6 An officer's observation of a traffic offense is sufficient particularized suspicion to support a traffic stop. *State v. Otto*, 2004 MT 338, ¶ 19, 324 Mont. 217, 102 P.3d 522. Driving across the centerline can constitute a traffic offense. Sections 61-8-330 and 61-8-321, MCA. Crossing the centerline is a traffic violation that is sufficient to support a finding that the observing officer had particularized suspicion to make a stop. *Loney*, ¶ 16.

¶7 Yeoman contends that the arresting officer essentially changed his story of the events leading to the stop by using varying adjectives to describe Yeoman's venture across the centerline (wide, severe, abrupt, e.g.), and that the video captured by the officer's in-car camera contradicted the officer's testimony. The arresting officer presented the only testimony at the hearing on the motion to suppress. The District Court

heard that testimony and viewed the video. Based upon this evidence, including the officer's testimony that objects appear to be much farther away in the video than they appear in real time, the District Court determined that not only did Yeoman cross the double yellow centerline, but also that there was no real dispute as to that fact. The officer's testimony alone would have been sufficient evidence upon which to conclude that Yeoman crossed the centerline, and there is nothing in the video that materially contradicts that testimony. The totality of the circumstances supports the District Court's conclusion that the officer had sufficient particularized suspicion to make the stop, and the District Court therefore properly denied the motion to suppress.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶9 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE