
DA 12-0259

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 309N

DALE SWAPINSKI,

      Plaintiff and Appellee,

  v.

ROBERT G. HUBBARD, JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause Nos. DV 11-122, -123, -131
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert G. Hubbard (self-represented litigant); Libby, Montana

      For Appellee:

          Dale E. Swapinski (self-represented litigant); Libby, Montana

                Submitted on Briefs:  November 21, 2012

                        Decided:  December 27, 2012

Filed:

                   _____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Robert G. Hubbard, Jr. appeals from the District Court's Findings of Fact, Conclusions of Law and Judgment filed March 26, 2012.  We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3      Swapinski rented a house to Hubbard.  Disagreements soon arose and the parties filed several actions in Lincoln County Justice Court (two by Swapinski against Hubbard, one by Hubbard against Swapinski).  These cases involved claims for unpaid rent, claims for damage to the property, claims for unlawful detainer, claims concerning repairs to the property, and claims for the return of Hubbard's personal property.  After proceedings in Justice Court, both parties appealed to District Court.

¶4      The District Court consolidated the three cases appealed from Justice Court and conducted a bench trial.  The District Court determined the following facts based upon the evidence submitted at that trial.  The parties agreed that they operated under a written lease, but that neither of them signed it.  The disputes arose when a sewer line in the basement of the rented house leaked in November 2010.  Hubbard called Swapinski, who instructed him to have a qualified plumber fix the problem and send the bill to Swapinski.

2

Hubbard hired his brother in law, who was a contractor but not a licensed plumber. The brother in law did not properly fix the problem and the sewer line continued to leak. Hubbard did not send the bill to Swapinski, but paid the brother in law $960 for the work and deducted that amount from his rent payment.

¶5 Hubbard did not pay rent for January and February 2011, and later failed to pay additional months' rent. He claimed that he withheld rent because the residence or parts of it were uninhabitable. The District Court found that Hubbard did not provide any credible evidence that he used the withheld rent to make repairs and that he did not provide notice of the defects to Swapinski. Swapinski did not agree that Hubbard could make repairs and deduct the cost from the rent. The District Court found that Hubbard failed to show that mold and other issues he complained of were caused by anything other than the failure of the brother in law's work; failed to prove his claim that 40% of the house was uninhabitable; and failed to prove that Swapinski knew of any damage to the house other than the sewer leak.

¶6 After Hubbard vacated the house, Swapinski placed Hubbard's remaining personal property into storage and provided notice before doing so. He did not destroy, damage or dispose of Hubbard's property. The District Court found that the cost of repairs of the damage done to the interior of the house while Hubbard lived there amounted to $6,295; replacing a damaged dishwasher cost $647; cleaning the property and removing abandoned property cost $1,310; and unpaid rent and late fees totaled $5,250. The total damages incurred by Swapinski were $14,159. The District Court found that the damage to the property was caused by Hubbard's acts and by the improper repair to the sewer

3

leak, and that Hubbard presented no credible evidence to support his counterclaims against Swapinski.

¶7 The District Court concluded that a prior stay of eviction was improvidently granted and that Hubbard's occupation of the property after Swapinski provided notice of unpaid rent was an unlawful detainer pursuant to § 70-27-108(2), MCA. The District Court found that Swapinski did not violate any order of the court and that under § 70-27-205, MCA, Swapinski was entitled to treble damages. Swapinski was therefore entitled to damages from Hubbard of $42,477.

¶8 On appeal Hubbard asks that this Court reverse the District Court without remanding to the District Court, and that we hear this case "De Novo." This Court does not conduct trials or evidentiary hearings on appeals, § 3-2-204, MCA, and a "de novo" review means a review on the record to determine whether the District Court was correct. *State v. Loney*, 2004 MT 204, ¶ 6, 322 Mont. 305, 95 P.3d 691.

¶9 Most of the issues that Hubbard raises depend upon his contention that the District Court's factual findings are erroneous. However, Hubbard specifically declined to order a transcript of the District Court trial for purposes of this appeal and did not comply with his duty to present a sufficient record. M. R. App. P. 8(2). Therefore, this Court has no basis to review the District Court's factual findings.

¶10 Hubbard contends that the District Court erred in awarding treble damages because Title 70, Ch. 27, MCA, does not apply to this case. However, even if that were true Swapinski can still recover unpaid rent and damages and the District Court had the authority under § 70-24-422(6), MCA, to award treble damages.

4

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are controlled by settled Montana law, which the District Court correctly interpreted.

¶12    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS