FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0344

DA 16-0344

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 51N

STATE OF MONTANA,

    Plaintiff and Appellee,

v.

BRIAN M. VOLBRECHT,

    Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC 15-054
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
        Assistant Attorney General, Helena, Montana

        Mike Weber, Richland County Attorney, Janet Christoffersen, Deputy
        County Attorney, Sidney, Montana

Submitted on Briefs:  February 15, 2017

Decided:  March 7, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant, Brian M. Volbrecht (Volbrecht), appeals his conviction of driving under the influence in violation of § 61-8-401, MCA (2015). He challenges the order of the Seventh Judicial District Court, Richland County, denying his motion to dismiss the charge on the ground that the officer did not have particularized suspicion to initiate the traffic stop that led to his arrest.

¶3     At 1:28 a.m., on May 6, 2015, Officer Josh Harris (Officer Harris) was on patrol in Sidney, Montana, when he observed a red pickup truck "accelerate quickly across [North Central Avenue]," requiring the vehicle in front of Officer Harris to "apply its brakes and nearly come to a stop to avoid a possible collision." The red truck was proceeding on West Main Street, and, as it approached the intersection with North Central Avenue, was faced with a flashing red light. Traffic on North Central Avenue, including Officer Harris' vehicle and the vehicle in front of him, had a flashing yellow signal. Officer Harris initiated a traffic stop on the red truck for "[f]ailing to yield to the vehicle traveling . . . on North Central." Officer Harris' dash camera corroborated his account of the

2

incident.  Volbrecht was the driver of the red truck and, during the traffic stop, he failed a field sobriety test.  Volbrecht was charged with driving under the influence.

¶4      Unreasonable searches and seizures, including investigatory stops, are prohibited by the Montana and United States Constitutions.  Mont. Const. art. II, § 11; U.S. Const. amend. IV; *State v. Massey*, 2016 MT 316, ¶ 9, 385 Mont. 460, 385 P.3d 544.  However, "a peace officer may stop any . . . vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense."  Section 46-5-401(1), MCA. Particularized suspicion requires, based on the facts available to the officer in the totality of the circumstances: "(1) objective data from which an officer can make certain inferences, and (2) a resulting particularized suspicion that the occupant of the motor vehicle is or has been engaged in wrongdoing or was a witness to criminal activity." *Massey*, ¶ 9 (internal citations and quotations omitted).  Section 61-8-341(1), MCA, mandates that vehicles entering highways "shall yield the right-of-way to other vehicles that are approaching close enough on the through highway to constitute an immediate hazard."  "Observation of a traffic offense is sufficient to establish a particularized suspicion." *State v. Loney*, 2004 MT 204, ¶ 16, 322 Mont. 305, 95 P.3d 691; *accord State v. Murray*, 2011 MT 10, ¶ 14, 359 Mont. 123, 247 P.3d 721 ("[O]bservation of a traffic offense more than satisfies the particularized suspicion requirement.").

¶5      "A court's determination that particularized suspicion exists is a question of fact, which we review for clear error." *State v. Wagner*, 2013 MT 159, ¶ 9, 370 Mont. 381,

303 P.3d 285 (citation omitted). "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the lower court has misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been made." *Wagner*, ¶ 9 (citation omitted).

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings that Officer Harris had sufficient information to conclude that Volbrecht committed a traffic violation by failing to yield the right-of-way to another vehicle and, therefore, had a particularized suspicion that Volbrecht had violated § 61-8-341, MCA, were not clearly erroneous.

¶7     Affirmed.

/S/ JIM RICE

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

4