FILED

03/14/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0171

DA 16-0171

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 59N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ALLEN DALE PIPPEN,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC-14-18
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Samuel P. Newton, Law Office of Samuel P. Newton, PC,
Kalispell, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
Assistant Attorney General, Helena, Montana

            Lewis K. Smith, Powell County Attorney, Patrick Moody, Deputy
County Attorney, Deer Lodge, Montana

                      Submitted on Briefs:  February 15, 2017

                                Decided:  March 14, 2017

Filed:

_____
                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Allen Dale Pippen (Pippen) appeals from an August 24, 2014 District Court order denying his motion to suppress evidence.  We affirm.

¶3     On April 1, 2014, Trooper Tammy Perkins of the Montana Highway Patrol observed Pippen fail to signal when he turned off of Frontage Road near Anaconda, Montana.  Pippen drove down the road, stopped, turned around, and came back.  The trooper noticed the vehicle occupants were not wearing seatbelts.  She followed Pippen for a mile and observed the vehicle crowding the centerline.  After the trooper initiated a traffic stop, it took Pippen thirty-six seconds to stop.

¶4     When the trooper approached the passenger's side door she observed Pippen's red face, bloodshot eyes, and noticed the smell of alcohol and marijuana.  The trooper inspected and confirmed Pippen's driver's license, proof of insurance, and registration.  The passenger had a valid medical marijuana card.  The trooper issued a warning to Pippen about his failure to signal, and cited both vehicle occupants for failure to wear seat belts.

¶5     The trooper testified that she suspected Pippen was driving under the influence and requested Pippen get out of the car. Once out of the car the trooper continued to smell marijuana and alcohol. Pippen admitted to drinking a couple of beers. The trooper performed field sobriety tests and administered a portable breath test; both indicated Pippen was impaired. The trooper arrested Pippen for driving under the influence.

¶6     On April 7, 2014, the State charged Pippen with felony driving under the influence of alcohol, fourth or subsequent offense. On May 23, 2014, Pippen filed a motion to suppress the evidence obtained at the scene, alleging the trooper did not have sufficient evidence to form a particularized suspicion[1] to stop him and lacked probable cause to arrest him. On July 25, 2014, the State amended its charges, based on Pippen's blood test results, to felony driving under the influence of delta-9-tetrahydrocannaboinal, and failure to wear a seatbelt.

¶7     On August 5, 2014, the District Court held a hearing on the motion to suppress and denied the motion in writing on August 26. The District Court found the trooper had particularized suspicion to conduct a traffic stop, that suspicion ripened into particularized suspicion to conduct a driving under the influence investigation, and that suspicion ripened into probable cause to arrest Pippen for driving under the influence. Pippen entered a guilty plea on May 11, 2015, reserving the right to appeal the denial of his motion to suppress. Pippen appeals.

¶8     This Court reviews a district court's denial of a motion to suppress to determine if the findings of fact are clearly erroneous and whether those findings were correctly

_____

[1] Pippen argued the trooper lacked probable cause as opposed to particularized suspicion.

3

applied as a matter of law. *State v. Pratt*, 286 Mont. 156, 160-61, 951 P.2d 37, 40 (1997); *State v. Murray*, 2011 MT 10, ¶ 11, 359 Mont. 123, 247 P.3d 721.

¶9 Pippen argues the trooper used the turn signal violation as a pretext to conduct a broader investigation. It is well established that a statutory violation alone is sufficient to establish particularized suspicion for an officer to make a traffic stop. *Kummerfeldt v. State*, 2015 MT 109, ¶ 11, 378 Mont. 522, 347 P.3d 1233. An officer's observation of a traffic offense satisfies the particularized suspicion requirement. *Murray*, ¶ 14. The trooper witnessed Pippen fail to signal while turning, a violation of § 61-8-336(3), MCA. The District Court's finding that the trooper had particularized suspicion to conduct a traffic stop is not clearly erroneous.

¶10 Pippen argues the trooper did not have sufficient evidence, amounting to particularized suspicion, to conduct an investigation during the stop. If an officer, during a traffic stop, observes signs of intoxication, the officer can develop particularized suspicion that the individual was driving under the influence and therefore may administer field sobriety tests. *Hulse v. State*, 1998 MT 108, ¶ 40, 289 Mont. 1, 961 P.2d 75. After the stop occurred the trooper noticed the smell of marijuana, Pippen's red face, and blood-shot eyes. The District Court's finding that these facts created the trooper's particularized suspicion that Pippen was driving under the influence is not clearly erroneous.

¶11 The trooper then asked Pippen to exit his vehicle in order to administer field sobriety tests. Pippen failed the tests and admitted to drinking a couple of beers. Particularized suspicion for a stop can ripen into probable cause to arrest based on facts

4

or incidents after the stop. *See, e.g., State v. Williamson*, 1998 MT 199, ¶ 20, 290 Mont. 321, 965 P.2d 231; *State v. Updegraff*, 2011 MT 321, ¶ 60, 363 Mont. 123, 267 P.3d 28. The District Court correctly determined that the trooper then had probable cause to arrest Pippen for driving under the influence. The District Court correctly denied Pippen's motion to suppress based on the nature of the traffic stop.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA